# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 05-7737 DSF (PLAx) | Date | December 17, 2007 |
|---|---|---|---|

| Title | Moreno, et al. v. Guerrero Mexican Food Products, Inc., et al. |
|---|---|

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Paul D. Pierson | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) Order DENYING Plaintiffs' Motion for Partial Summary Judgment Re: Defendant's Outside Salesperson Exemption and Commission Salesperson Exemption Defense

This matter is before the Court on Plaintiffs' Motion for Partial Summary Judgment Re: Outside Salesperson Exemption and Commission Salesperson Exemption Defense. Plaintiffs argue that, as a matter of law, Defendant cannot establish these affirmative defenses. Having considered the submissions of counsel, and having heard oral argument, the Court DENIES Plaintiffs' Motion.

## I. LEGAL STANDARD

Courts may grant summary judgment in a party's favor "upon all *or any part*" of a party's claim. Fed. R. Civ. P. 56(a) (emphasis added). The standard and procedures for a motion for partial summary judgment are the same as for summary judgment of a claim. See Delta Sav. Bank v. United States, 265 F.3d 1017, 1021 (9th Cir. 2001).

Summary judgment shall be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The moving party need not disprove the opposing party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Rather, if the moving party satisfies this burden, the party opposing the motion must set forth specific facts, through affidavits or admissible discovery materials, showing that there exists a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

genuine issue for trial.  Id. at 323-24; Fed. R. Civ. P. 56(e).  If the moving party's showing is insufficient, no defense is required.  Neely v. St. Paul Fire & Marine Ins. Co., 584 F.2d 341, 344 (9th Cir. 1978).

Declarations must be based on personal knowledge, must set forth facts that would be admissible at trial, and must show that the declarant is competent to testify as to the facts at issue.  Fed. R. Civ. P. 56(e).  Declarations on "information and belief" are inappropriate to demonstrate a genuine issue of fact.  Taylor v. List, 880 F.2d 1040, 1045 n.3 (9th Cir. 1989).  Only admissible evidence can be considered.  Orr v. Bank of America, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002).

## II.  DISCUSSION

Any "outside salesperson" is exempt from the requirements of the Wage Orders at issue here.  See 8 C.C.R. §§ 11010(1)(C), 11070(1)(C), 11090(1)(C).  An "outside salesperson" is defined as "any person, 18 years of age or over, who customarily and regularly works more than half the working time away from the employer's place of business selling tangible or intangible items or obtaining orders or contracts for products, services or use of facilities."  8 C.C.R. § 11070(2)(J).  California employs a quantitative standard to determine if an employee is an outside salesperson.  Ramirez v. Yosemite Water Co., Inc., 20 Cal. 4th 785, 798, 801 (1999).  An employee is subject to the exemption only if the employee "customarily and regularly works more than half the working time away from the employer's place of business" selling or obtaining orders. Id. at 795.

Wage Order 7 contains an exemption from overtime and alternative workweek provisions that applies to "any employee whose earnings exceed one and one-half (1 1/2) times the minimum wage if more than half of that employee's compensation represents commissions."  8 C.C.R. § 11070(3)(D).  "[T]wo requirements . . . must be met before a compensation scheme is deemed to constitute 'commission wages.'  First, the employees must be involved principally in selling a product or service, not making the product or rendering the service.  Second, the amount of their compensation must be a percent of the price of the product or service."  As with the outside salesperson exemption, California law employs a quantitative standard to determine if an employee is "involved principally in selling a product or service."[1]  (See Oct. 12, 2007 Order Re (1) the Court's and Jury's

---

[1] There is, in fact, a difference in the two standards.  The outside salesperson exemption only applies if the employee "works more than half the working time away from the employer's place of business selling tangible or intangible items or obtaining orders or contracts . . . ."  8 C.C.R. § 11070(2)(J).  Thus, an outside salesperson must spend more than half of working time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Roles in Determining Applicable Wage Order and Application of Outside Salesperson Exemption and Commissioned Sales Exemption, (2) Defendants' Motion in Limine No. 4, (3) Plaintiffs' Motion in Limine to Exclude Report and Testimony of Randolph E. Bucklin, and (4) Plaintiffs' Motion in Limine to Exclude Certain Portions of the Testimony of Robert Crandall 2 (citing <u>Ramirez</u>, 20 Cal. 4th at 804).)

      Plaintiffs argue that Defendant cannot establish that any Plaintiff engages in sufficient sales activities to qualify for either exemption.  Although Plaintiffs repeatedly assert that Defendant does not have sufficient evidence to carry their burden at trial, "it is not enough to move for summary judgment . . . with a conclusory assertion that the plaintiff has no evidence to prove his case."  <u>Celotex</u>, 477 U.S. at 328 (White, J., concurring).  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  <u>Id.</u> at 323 (quoting Fed. R. Civ. P. 56(c)).  Plaintiffs do not demonstrate that Defendant's evidence is inadequate.  Rather, Plaintiffs rely on the declarations of five Plaintiffs, who recount the time they spent on various tasks in a "typical" week.  These declarations ascribe more than half of the declarants' time to tasks Plaintiffs argue cannot, as a matter of law, be sales activities.  Each declaration also contains an identical statement apparently intended to establish the habits of other Plaintiffs: "Based on my many conversations with other Drivers delivering Guerrero product, I understand that the typical amounts of time spent at stores [handling non-sales tasks] was similar for all Drivers."  (Corrected Decl. of Ramon Moreno in Supp. of Pls.' Mot. for Summ. Adjudication Re Outside Salesperson and Commissioned Salesperson Exemption Defenses ¶ 7; Corrected Decl. of Hector Perez in Supp. of Pls.' Mot. for Summ. Adjudication Re Outside Salesperson and Commissioned Salesperson Exemption Defenses ¶ 7; Corrected Decl. of Ernesto Moraila in Supp. of Pls.' Mot. for Summ. Adjudication Re Outside Salesperson and Commissioned Salesperson Exemption Defenses ¶ 7; Corrected Decl. of Mario Cifuentes in Supp. of Pls.' Mot. for Summ. Adjudication Re Outside Salesperson and Commissioned Salesperson Exemption Defenses ¶ 7; Corrected Decl. of Felizardo Bajeca in Supp. of Pls.' Mot. for Summ. Adjudication Re Outside Salesperson and Commissioned Salesperson Exemption Defenses ¶ 7.)

---

outside of the office, engaged in sales.  By contrast, there does not appear to be any requirement that a commissioned salesperson spend more than half of working time both away from the office and engaged in sales.  However, both standards require a quantitative determination of the number of hours spent on sales tasks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

The declarants' "understanding" is not sufficient to establish any fact.  Fed. R. Civ. P. 56(e).  The conversations the declarants refer to are inadmissible hearsay.[2]  Thus, these declarations cannot establish what amount of time other Plaintiffs spent on work tasks, however they are categorized, or the amount of time other Plaintiffs worked.  Plaintiffs have not carried their initial burden of production, demonstrating that there is no genuine issue of material fact.  Plaintiffs are not entitled to summary judgment.

Plaintiffs also argue that they did not receive any "commissions," because their incentive pay was not based on their sales.  This argument has no merit.  "[T]wo requirements . . . must be met before a compensation scheme is deemed to constitute 'commission wages.'  First, the employees must be involved principally in selling a product or service, not making the product or rendering the service.  Second, the amount of their compensation must be a percent of the price of the product or service."  Ramirez, 20 Cal. 4th at 803 (quoting Keyes Motors, Inc. v. Div. of Labor Standards Enforcement 197 Cal. App. 3d 557, 563 (1987)).  The second requirement is clearly met.  The collective bargaining agreement provides for "a commission of six point five percent (6.5%) of net weekly sales in each work week . . . ."  (Supp. Decl. of David A. Garcia in Supp. of Defs.' Mot. for Summ. Adjudication and Decertification, Ex. HH § A.1(a).) Thus, the commission is a percent of the price of the product or service.  With regard to the first requirement, disputes of fact remain as to whether Plaintiffs are "involved principally in selling a product or service."

## III.  CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Partial Summary Judgment Re: Outside Salesperson Exemption and Commission Salesperson Exemption Defense is DENIED.

IT IS SO ORDERED.

---

[2] Plaintiffs' assertion that the statements are admissible as "present sense impressions" is absurd.  The present sense impression exception to the hearsay rule applies to statements "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter."  Fed. R. Evid. 803(1).  The statements relied on in Plaintiffs' declarations, describing general patterns of work on "typical" days, are clearly not of the kind described by the Rule.